IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

CHARLES LESLIE LeBLANC, )
)
Petitioner, )
)
v. ) Case No. CIV 23-301-RAW-GLJ
)
CARRIE BRIDGES, Warden, )
)
Respondent. )

**OPINION AND ORDER**

This matter is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (Dkt. 9). Petitioner is a pro se state prisoner in the custody of the Oklahoma Department of Corrections who currently is incarcerated at James Crabtree Correctional Center in Helena, Oklahoma. He is attacking his conviction and sentence in Pottawatomie County District Court Case No. CF-2022-249 for Burglary in the First Degree, raising the following grounds for relief:

> Claim One: I am a member of the Western Cherokee. My crime occurred within Indian Country of Seminole Nation Reservation. My crime was one of 18 U.S.C. § 1153 Major Crimes Act crimes. The state court holds that I cannot appeal my case to the . . . OCCA, Because they Lack Jurisdiction to hear it.[1]
>
> Claim Two: My Attorney was not Qualified Counsel of Choice.

---

[1] Respondent asserts in the motion to dismiss that Petitioner has failed to provide to this Court or to the state courts any documentation of his alleged tribal membership or that his crime was committed in the Seminole Nation Reservation. (Dkt. 10 at 4 n.3). In Petitioner's Objection to the motion to dismiss, he reiterates his claims that he is a tribal member and that the crime occurred in Indian Country, however, he again fails to produce documentation. (Dkt. 11). To the extent the Objection requests "specialized counsel," *id*. at 2, the Court finds Petitioner has failed to show his claim has sufficient merit to warrant such appointment. *See McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

> Claim Three:  I was not given a trial in a court authorized By Art. III U.S. Constitution thereby not authorized to issue a warrant.
>
> Claim Four:  As I was not In-Personam by Lawful Service of process, I was denied a Speedy Trial and could not get one.

(Dkt. 1 at 5-11) (capitalization in original).

Respondent alleges Petitioner has failed to exhaust the state court remedies for his claims. The record shows that Petitioner was convicted in Case No. CF-2022-249 of Burglary in the First Degree, a felony, in violation of Okla. Stat. tit. 21, § 1431 (2021) (Count 1), and Obstructing an Officer, a misdemeanor, in violation of Okla. Stat. tit. 21, § 540 (2021) (Count 3).  (Dkt. 10-1).  He was found not guilty of Count 2.  *Id.*  Petitioner was sentenced to 20 years' imprisonment for the burglary conviction and to three months' incarceration in the county jail for the obstruction offense, both sentences to run concurrent with each other.  *Id.*

On September 14, 2023, Petitioner appealed his convictions to the Oklahoma Court of Criminal Appeals (OCCA) in Case No. F-2023-327.  (Dkt. 10-2).  At the time Respondent filed this present motion to dismiss on February 26, 2024, the OCCA had not entered a decision on the direct appeal.  (Dkt. 10-4).  According to the Oklahoma State Courts Records website, however, on August 29, 2024, the OCCA issued a Summary Opinion affirming Petitioner's Judgment and Sentence.[2]

Petitioner's claims on direct appeal were:

(1)  whether the evidence was sufficient to support his conviction for first degree burglary;

(2)  whether instructional error requires relief; and

---

[2] The Court takes judicial notice of the public records of the Oklahoma State Courts Network at http://www.oscn.net.  *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

> (3)   whether there was a fatal variance between the Information and the case presented at trial.

*LeBlanc v. State*, No. F-2023-327, slip op. at 2 (Okla. Crim. App. Aug. 29, 2024).

"A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The Court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).

> A claim has been exhausted when it has been "fairly presented" to the state court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). "Fair presentation" requires more than presenting "all the facts necessary to support the federal claim" to the state court or articulating a "somewhat similar state-law claim." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). "Fair presentation" means that the petitioner has raised the "substance" of the federal claim in state court. *Picard*, 404 U.S. at 278. The petitioner need not cite "'book and verse on the federal constitution,'" *id*. (quoting *Daugharty v. Gladden*, 257 F.2d 750, 758 (9th Cir. 1958)), but the petitioner cannot assert entirely different arguments from those raised before the state court.

*Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2009).

There is an exception to the exhaustion requirement when exhaustion would be futile,

3

however, a petitioner still has the burden of proving it. 28 U.S.C. § 2254(b)(1)(B)(i)-(ii); *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011); *Hurst v. Crow*, CIV 21-308-RAW-KEW, 2022 WL 3050005, at *1 (E.D. Okla. Aug. 2, 2022) (unpublished); *Garrett v. Crow*, CIV-21-918-JD, 2021 WL 6425383, at *3 (W.D. Okla. Dec. 7, 2021) (unpublished). "To prove that exhaustion of a claim would be futile, Petitioner must show there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant." *Hurst*, 2022 WL 3050005, at *1 (quoting *Selsor*, 644 F.3d at 1026) (internal quotation marks omitted).

Petitioner admits in his petition that he did not raise his present habeas claims in state court. (Dkt. 1 at 5-11). He asserts there are no adequate remedies available to him, because Oklahoma courts, including the OCCA, lack authority to prosecute his claims, because he is an Indian who committed crimes in Indian Country. *Id.* Such arguments, however, have repeatedly been rejected by the federal district courts in Oklahoma. *See Garrett*, 2021 WL 6425383, at *3 (unpublished) (rejecting the petitioner's argument that it would be futile to appeal the state district court's post-conviction denial to the OCCA in light of the decision in *Matloff v. Wallace*). *See also Chilton v. Bridges*, No. CIV-22-32-G, 2022 WL 4587161, at *2 (W.D. Okla. Sep. 29, 2022) (unpublished) (holding that a petitioner must fully exhaust a claim that the State court lacked jurisdiction pursuant to *McGirt v. Oklahoma,* 591 U.S. 894 (2020) (collecting cases). Therefore, this Court finds Petitioner's habeas petition is unexhausted, and his unsupported claim that the OCCA lacked "jurisdiction" to resolve his claims on direct appeal does not mean exhaustion would be futile. *See Duncan v. Walker*, 533 U.S. 167, 179 (2001); *Rose*, 455 U.S. at 518-22.

To the extent Petitioner argues that his appellate counsel was "unauthorized," or "not qualified" as justification for his failure to exhaust these claims (Dkt. 1 at 7), his assertion is

4

meritless. While a claim of ineffectiveness of appellate counsel can be sufficient cause to excuse procedural default, it is not cause to bypass the exhaustion requirement. *See Crowder v. McCollum*, No. CIV-17-54-R, 2017 WL 892734, at *2-3 (W.D. Okla. Feb. 21, 2017) (unpublished report and recommendation), *adopted by district court*, 2017 WL 894434 (W.D. Okla. Mar. 6, 2017) (unpublished) (rejecting claim that habeas petitioner should be allowed to "bypass" exhaustion requirement for claim of ineffective assistance where appellate counsel also served as trial counsel and thus would not raise an ineffectiveness claim against himself on direct appeal). *See also Murray v. Carrier*, 477 U.S. 478, 489 (1986) (holding that while ineffective assistance of appellate counsel can be cause to excuse procedural default, the exhaustion requirement mandated that a claim of ineffective assistance of counsel must be presented to the state court as "an independent claim" before it could be used to establish cause for procedural default).

Further, to the extent Petitioner alleges his conviction was "void," and consequently exhaustion of these claims was futile (Doc. 1 at 10), this argument also is meritless because he has failed to meet his burden of showing that a void judgment renders exhaustion futile. *See, e.g., Rael v. Reid*, No. 09-CV-01361-BNB, 2010 WL 628200, at *3 (D. Colo. 2010) (unpublished) (rejecting habeas petitioner's argument that exhaustion would be futile because the judgment was void); *Neil v. Crow*, 2021 WL 4143948, at *1 n.2 (W.D. Okla. Aug. 18, 2021) (unpublished) (rejecting the petitioner's futility argument, noting that the petitioner still was required to fully exhaust his jurisdiction claim). Based on the above authority, this Court finds that Petitioner has failed to meet his burden of showing exhaustion would be futile, and Respondent's motion to dismiss this habeas petition (Dkt. 9) should be granted.

In addition, Petitioner's reliance on Rule 60(b)(4) is misplaced, (Doc. 1 at 7) ("I was given

an unauthorized state court attorney to represent me, in an unlawful court requiring a Fed. R. App. P. 60(b)(4) (Void conviction)") (syntax in original), as that rule is entirely inapplicable to this case. Rule 60(b)(4) is applicable only after a final judgment, and this Court has not rendered a decision in this case. Therefore, that rule is irrelevant at this point, and the Court still should dismiss Petitioner's petition for failure to exhaust state remedies.

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). He also has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**,

1. To the extent Petitioner requested appointment of counsel in his Objection (Dkt. 11), the request is DENIED.

2. Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus as unexhausted (Dkt. 9) is GRANTED.

3. Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 24th day of September 2024.

Ronald A. White
United States District Judge
Eastern District of Oklahoma

6